**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE LEGAL COVERAGE GROUP LTD., | : | |
| | : | Bankruptcy No. 18-10494 |
| Debtor. | : | |

**ORDER**

AND NOW, upon consideration of the Chapter 11 Trustee's Motion for Order Authorizing the Sale of Jewelry Pursuant to 11 U.S.C. § 363 Free and Clear of Liens and Encumbrances (the "Motion"), and the Request for an Expedited Hearing thereon, and sufficient cause being shown, it is hereby **ORDERED** that:

1. The request for an expedited hearing is **Granted.**

2. A hearing will be held on **August \_\_\_\_\_, 2018 at _____**, in Bankruptcy Court #3, Robert N.C. Nix, Sr., Federal Building and Post Office, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania.

3. Written objections or other responsive pleadings to the Motion (while not required) may be filed up to the time of the hearing and all will be considered at the hearing. Any further offers to purchase the Ring, i.e., by parties other than the proposed purchaser, must be served upon the Chapter 11 Trustee before the hearing. All such offers must be in cash, with no contingencies, and must exceed $82,000.00.

4. If objections to the Motion or further offers are served upon the Chapter 11 Trustee, then the Chapter 11 Trustee shall hold a public auction for the Ring at her offices located at 1635 Market Street, 7th Floor, Philadelphia, PA 1910, within two (2) business days of the hearing, with all subsequent bids being in $1,000.00 increments.

5. The Movant shall serve the Motion and this Order on the U.S. Trustee, Michael Kaliner, the Chapter 7 Trustee for Gary A. Frank, and Harry Potter, LLC, all secured creditors and all priority creditors by overnight mail, facsimile transmission or e-mail transmission no later than **noon on August _____, 2018.**

6. The Movant shall serve this Order and the Notice of the Motion in conformity with Local Bankruptcy Form 9014-3 on all other parties in interest, including all creditors, by regular mail no later than **noon on August _____, 2018.**

7. Prior to the hearing, the Movant shall file a Certification setting forth compliance with the service requirements of Paragraphs 4 and 5 above as applicable.

August _____, 2018                       _____
                                          HONORABLE JEAN K. FITZSIMON
                                          United States Bankruptcy Judge

Copies to:
**Movant's Counsel** (for service)
Daniel J. Dugan, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE LEGAL COVERAGE GROUP LTD., | : | |
| | : | Bankruptcy No. 18-10494 |
| Debtor. | : | |

## ORDER

AND NOW, this ____ day of August, 2018, upon consideration of the Chapter 11 Trustee's Motion for Order Authorizing the Sale of Jewelry Pursuant to 11 U.S.C. § 363 Free and Clear of Liens and Encumbrances (the "Motion"), and after proper notice to all known creditors and parties in interest, and upon the Court's finding that the proposed purchase price for the property that is the subject of this Motion is in the best interests of the Debtor's estate, it is hereby ORDERED that:

1. The Motion is **Granted**.

2. The Chapter 11 Trustee is authorized: (1) to sell the Ring to Kharis Fine Jewelry, LLC, free and clear of any and all liens, claims, encumbrances, or interests of any sort whatsoever against Debtor or the Ring, for the purchase price of $80,000.00; (2) to pay $8,000.00 of the proceeds of the sale to Craiger Drake Designs as its commission in accordance with the Court's Order (Doc. No. 299) approving the Employment of Craiger Drake Designs; and (3) to deposit the balance of the sale proceeds, i.e., $72,000.00, into the Trustee's segregated, non-operating, Debtor-in-Possession account.

3.      The Chapter 11 Trustee is authorized to execute such documents and to do such things as may be necessary or appropriate to consummate the sale of the Ring as authorized herein.

BY THE COURT:

_____
Honorable Jean K. FitzSimon
United States Bankruptcy Judge

Daniel J. Dugan, Esquire
Spector Gadon & Rosen, PC
1635 Market Street, 7th Floor
Philadelphia, PA  19103
215-241-8872 / 215-241-8844 (fax)
*Attorneys for Chapter 11 Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE LEGAL COVERAGE GROUP LTD., | : | |
| | : | Bankruptcy No. 18-10494 |
| Debtor. | : | |

**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE SALE OF JEWELRY PURSUANT TO 11 U.S.C. § 363 FREE AND CLEAR OF LIENS AND ENCUMBRANCES AND REQUEST FOR EXPEDITED CONSIDERATION THEREOF**

Leslie Beth Baskin, Chapter 11 Trustee ("Trustee") for the Legal Coverage Group Ltd. ("Debtor"), hereby moves the Court for an Order authorizing the sale of jewelry of the Estate pursuant to 11 U.S.C. § 363, free and clear of liens and encumbrances, moves for expedited consideration of same, and in support thereof, avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105 and 363 of the Bankruptcy Code.

### BACKGROUND

4. The Legal Coverage Group Ltd. ("Debtor") filed this bankruptcy proceeding on January 26, 2018 (the "Petition Date").

5. The Court appointed Leslie Beth Baskin to serve as Chapter 11 Trustee by Order dated March 13, 2018.

6. The Debtor's principal, Gary A. Frank ("Frank") purchased a diamond ring (the "Ring") for his fiancée with LCG funds in 2017. Trustee made demand upon the fiancée to return the Ring, which she did on April 9, 2018.

7. It has been confirmed by Trustee's Court-appointed accountants, Asterion, Inc., that Frank improperly and fraudulently used LCG funds to pay for the Ring.

8. On May 22, 2018, Trustee filed an application to employ Craiger Drake Designs ("Craiger Drake") to sell the Ring, which Frank purchased on or around June 20, 2017. *See* Doc. No. 288.

9. True and correct copies of an invoice, jewelry description and purchase price of the Ring, described as a platinum diamond engagement ring containing a 4.02 ct. pear-shaped diamond, and 10 round diamonds, .75 tw size 7. *See* Doc. No. 288 at Ex. A.

10. To the best of Trustee's knowledge, there are no liens or encumbrances attaching to the Ring.

11. The purchase price of the Ring was $122,300.00.

12. On May 30, 2018, the Court entered an Order authorizing Trustee to employ Craiger Drake to sell the Ring. *See* Doc. No. 299.

13. Under the terms of the Order, Craiger Drake is entitled to be compensated for its services at the rates set forth in the application for employment and the letter of retention attached thereto as Exhibit C, as well as reimbursement of out-of-pocket expenses. *Id.*

14. The letter of retention states that Craiger Drake will attempt to locate a buyer and sell the Ring to the highest paying purchaser, subject to the Court's approval, and in exchange, Craiger Drake will receive a 10% commission based on the sale price of the ring.

15. The Order further authorizes Trustee to sell the Ring with proceeds of the sale to be held in Trustee's segregated, non-operating Debtor-in-Possession account, subject to a proper determination as to whether this estate or the Chapter 7 estate of Gary Frank has entitlement to the net proceeds of the sale. *See* Doc. No. 299.

16. Craiger Drake marketed the Ring for almost two months and identified six prospective purchasers who expressed interest in the Ring. Trustee also received offers from two prospective purchasers of the Ring, which offers were in the $40,000-$50,000 range.

17. The highest offer made by a prospective purchaser, Kharis Fine Jewelry, LLC (principal is Marina Fragoso)[1] for $80,000.00. This is an all cash offer. Craiger Drake has advised Trustee that this price is, in its opinion, the best offer Trustee is likely to receive.

## PROPOSED SALE OF THE RING

18. Trustee respectfully requests the Court's approval to sell the Ring, free and clear of any and all liens and encumbrances, for $80,000.00, with $8,000.00 of the proceeds from the sale to be paid to Craiger Drake as its 10% commission and the remaining $72,000.00 in net proceeds to be deposited in Trustee's segregated, non-operating Debtor-in-Possession account.

## COMPETING BIDS

19. If Trustee receives a competing bid to that made herein by way of response to the instant Motion, which competing bid shall be in excess of $82,000 and be an all-cash bid, she will hold an auction in her office within 24 hours of the hearing. All subsequent offers at the auction, if such auction is held, must be in $1,000 increments.

## LEGAL ARGUMENT

20. Section 363(b)(1) of the Bankruptcy Code authorizes a trustee to sell property of the debtor's estate outside of the ordinary course of business after notice and a hearing.

---

[1] The principal, Marina Fragoso, has no relationship to LCG or its principal Gary Frank.

21. Generally, a debtor must show that each of the following elements have been met before a Section 363(b) sale may be approved: (i) that a sound business reason exists for the proposed transaction; (ii) that the sale has been proposed in good faith; (iii) that the sale price is fair and reasonable; and (iv) that accurate and reasonable notice has been provided of the transaction. *See In re: WDH Howell, LLC*, 298 B.R. 527, 534 (D.N.J. 2003); *In re: Stroud Ford, Inc.*, 163 B.R. 730 (Bankr. M.D.Pa. 1993).

### The Proposed Sale Is Supported By Sound Business Reasons

22. Although Section 363 does not specify a standard for determining when it is appropriate for a court to authorize the sale of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon sound business judgment. *In re: Dura Automotive*, 2007 Bankr. LEXIS 2764 at *258 (citing *Myers v. Martin* (*In re: Martin*), 91 F.3d 389, 395 (3d Cir. 1996)); *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re: Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *In re: Abbotts Dairies of Penn., Inc.*, 788 F.2d 143 (3d Cir. 1986) (implicitly adopting the "sound business judgment" test of *Lionel Corp.* and requiring good faith); *In re: Del. and Hudson Ry. Co.*, 124 B.R. 169 (D. Del. 1991) (concluding that the Third Circuit adopted the "sound business judgment" test in the *Abbotts Dairies* decision); *In re: Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1991) (same).

23. Courts have made it clear that a debtor's showing of a sound business justification need not be exhaustive, but rather a debtor or trustee is "simply required to justify the proposed disposition with sound business reasons." *In re: Baldwin-United Com.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

24. Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *In re: Lionel Com.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

25. In the circumstances of valid business justifications, applicable principles of law attach to a debtor's decision a strong presumption "that in making a business decision[,] the directors of a corporation acted on an informed basis, in good faith and in honest belief that the action was taken in the best interests of the Property." *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re: Integrated Res., Inc.*), 147 B.R. 650, 656 (S.D.N.Y. 1990) (holding that the Delaware business judgment rule has "vitality by analogy" in chapter 11) (quotations omitted).

26. Here, Trustee submits that the decision to sell the Ring for the purchase price of $80,000.00 to Kharis, is based upon its sound business judgment and should be approved.

### The Proposed Sale Is In Good Faith

27. Once a court is satisfied that there is a sound business justification for the proposed sale, the court should then determine whether: (i) the debtor in possession has provided the interested parties with adequate and reasonable notice; (ii) the sale price is fair and reasonable; and (iii) the purchaser is proceeding in good faith. *In re: Del. and Hudson Ry. Co.*, 124 B.R. at 166; *accord In re: Decora Indus., Inc.*, Case No. 00-4459, 2002 WL 32332749, at *3 (Bankr. D. Del. May 20, 2002).

28. "The requirement that a purchaser act in good faith ... speaks to the integrity of his conduct in the course of the sale proceedings." *In re: Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142, 147 (3d Cir. 1986). "Typically, the misconduct that would destroy a purchaser's good

faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.*

29. The offer made by the prospective purchaser was negotiated at arms' length.

30. Neither the buyer nor any person affiliated with the buyer is an insider of the Debtor within the meaning of Local Rule 6004-1.

31. Thus, Trustee submits that the proposed sale is in good faith and for fair value within the meaning of Section 363 of the Bankruptcy Code and, specifically, should be afforded the benefits and protections provided by Section 363(m) of the Bankruptcy Code in connection with the sale of the Property.

### The Proposed Sale Price Is Fair And Reasonable

32. As noted above, efforts to market the ring were made over a nearly two-month period, the offer proposed by the prospective purchaser is the highest offer received from the individuals who expressed interest in the Ring during that time, and the jeweler whose employment was authorized by the Court has advised Trustee that the proposed sale price is the highest offer she is likely to receive.[2]

33. Trustee therefore believes the proposed sale price is fair and reasonable under the circumstances.

### The Sale Should Be Free And Clear Of Liens And Encumbrances

34. Pursuant to Section 363(f) of the Bankruptcy Code, a debtor in possession may sell property of the estate "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

---

[2] Craiger Drake advised Trustee when he was first retained that because the diamond in the Ring is "pear-shaped," it would be difficult to find a purchaser, as that style is not now highly desirable.

    (a)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;

    (b)    such entity consents;

    (c)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (d)    such interest is in bona fide dispute; or

    (e)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

35. Here, Trustee is not aware of any liens or encumbrances on the Ring.

36. Trustee respectfully suggests that the procedures set forth in the attached proposed Order will satisfy Section 363(f) of the Bankruptcy Code because any entities holding liens and claims will have received notice of this Motion and the proposed sale, and will be given sufficient opportunity to object to the relief requested herein, and any entity that does not object should be deemed to have consented. *See Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("It is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but one of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent. It should not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they should be sold.")(internal citations omitted); *Hargrave v. Twp. of Pemberton* (*In re: Tabone, Inc.*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies Section 363(f)(2)). To the extent that no party holding a lien or claim objects to the relief requested in the Sale Order, the Sale of the Property free and clear of all liens

and claims satisfies Section 363(f)(2) of the Bankruptcy Code.  To the extent a party holding a lien or claim objects to the relief requested in the Sale Order, the Sale of the Property free and clear of such liens and claims satisfies one or more of Sections 363(f)(1) or (3)-(5), as applicable.

37.     Accordingly, Trustee requests that the Ring be sold to the proposed purchaser free and clear of all liens, claims, encumbrances, and interests with the same to attach to the net sale proceeds of the Ring.

## REQUEST FOR EXPEDITED CONSIDERATION AND SHORTENED NOTICE AND OBJECTION PERIOD

38.     Expedited consideration is requested because the proposed purchaser has expressed a strong desire to conclude the sale within a two-week period and Trustee does not wish to jeopardize the sale for a price higher than any other offer received to date.

39.     Trustee respectfully submits that expedited consideration of this Motion and a shortening of the periods that would otherwise be provided for notice and objections to the proposed sale is necessary and appropriate to ensure that the sale to the proposed purchaser is not jeopardized by delay.

40.     In accordance with Local Rule 5070(g), Trustee consulted with parties in interest in accordance with Local Rule 5070(g), who did not object to Trustee's request for expedited consideration and shortening of the notice and objection period as set forth in the attached proposed Order.

41.     Trustee requests that an expedited hearing be scheduled for August 13, 14 or 15, 2018 if those dates are acceptable to the Court.

WHEREFORE, Trustee respectfully requests that the Court enter an Order scheduling an expedited hearing to approve the sale of the Ring for $80,000.00 to Kharis Fine Jewelry, LLC.

SPECTOR GADON & ROSEN, P.C.

By: */s/ Daniel J. Dugan*
Daniel J. Dugan, Esquire
1635 Market Street
Philadelphia, PA 19103
215.241.8872/ 215.531.9120 (fax)
ddugan@lawsgr.com
*Counsel to Leslie Beth Baskin, Chapter 11 Trustee*

Date:  August 7, 2018

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| THE LEGAL COVERAGE GROUP LTD. | : | |
| | : | Case No. 18-10494 |
| Debtor | : | |

## CERTIFICATE OF SERVICE

I, Daniel J. Dugan, do hereby certify that I caused to have served a copy of the foregoing Motion via ECF on this 7th day of August, 2018, and that a copy of the Motion was served on an additional prospective purchaser as follows:

Tony Davide
Temple Capital
9415 Sunset Drive, Suite 274
Miami, FL  33173
tony@templecapital.com

SPECTOR GADON & ROSEN, P.C.

By: */s/ Daniel J. Dugan*
Daniel J. Dugan, Esquire
1635 Market Street
Philadelphia, PA 19103
215.241.8872/ 215.531.9120 (fax)
ddugan@lawsgr.com
*Counsel to Leslie Beth Baskin, Chapter 11 Trustee*

Date:  August 7, 2018